UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL CRAFT, DEMARA CRAFT AND QUANETIA CRAFT ON BEHALF OF DE'AQNJUL ADAMS | CIVIL ACTION |
| VERSUS | NO. |
| CLARENCE BROWN, A&L UNDERGROUND, INC., CIMARRON UNDERGROUND, INC. and STARR INDEMNITY AND LIABILITY INSURANCE COMPANY | DISTRICT JUDGE MAGISTRATE JUDGE |

## NOTICE OF REMOVAL

1. The defendants in this matter are Clarence Brown, Cimarron Underground, Inc. and Starr Indemnity and Liability Insurance Company, as A&L Underground, Inc., who was separately named, was merely the prior name of the same corporation that is now named Cimarron Underground, Inc. and thus is not a separate entity. *See* Exhibit 2. To the extent necessary, this notice is also filed on behalf of A&L Underground, Inc.

2. A copy of the state petition and all records found in the state court suit file are attached as Exhibit 1. There are these plaintiffs who allege they were all in the same vehicle when it collided with a truck operated by Clarence Brown for Cimarron Underground, Inc., and that all were injured.

3. All defendants hereby remove this case to the United States Federal District Court for the Eastern District of Louisiana within 30 days of the receipt by defendants of information by which it could first be ascertained that the case is removable. Indeed, out of an abundance of caution, this notice is being filed within 30 days as the service of the suit on the first defendant

served, which was accomplished by mail service on July 6, 2016 of the initial state complaint to C.T. Corporation systems as agent for Cimarron Underground Inc., formerly named A&L Underground, Inc.

4. The claims of all three plaintiffs herein arise from a single event – an auto collision that occurred in the Eastern District of Louisiana (in New Orleans on July 2, 2015 and thus, all claims arise from a single Article III case or controversy.

5. Defendants are entitled to remove the case to federal court because the claim of Demara Craft falls within the original diversity subject matter jurisdiction of the Court provided by 28 U.S.C. § 1332 had it been filed in federal court, and 28 USC § 1441 and 1446 allow it to be removed if no defendant is domiciled in Louisiana and the "amount in controversy" exceeds $75,000 exclusive of interest and costs. Here, all three plaintiffs are Louisiana citizens, and no party defendant is a citizen of Louisiana, as defined by 28 U.S.C. § 1332(c). Pursuant to the facts disclosed by plaintiffs as of the date of this removal, applicable jurisprudence, the amount reasonably in controversy as to the claim of Demara Craft is in excess of $75,000, exclusive of interest and costs, based on the *facts* pleaded the facts which surround the auto accident and medical-based claims of serious spinal injury that Ms. Craft's counsel disclosed to counsel for defendants on July 18, 2016, which arose since the filing of the suit in June. The claims of the remaining plaintiffs, Michael Craft and De'Aqnjul Adams, which arise from the same accident and thus arise from the same nucleus of operative facts, do not appear, themselves, to each exceed $75,000, and fall within the Supplemental Jurisdiction afforded by 28 U.S.C. § 1367, as recognized by the U.S. Supreme Court's decision in *Exxon Mobil Corporation v. Allapattah Services, Inc.* 545 U.S. 546, 559, 125 S. Ct. 2611, 2620, 162 L.Ed.2d 502 (2005).

6. The Supplemental Jurisdiction of 28 U.S.C. § 1367 over the claims of Michael Craft and De'Aqnjul Adams is expressly invoked by defendants, based on the original diversity jurisdiction over the claim of Demara Craft that places in controversy more than $75,000 exclusive of interest and costs, all pursuant to the U.S. Supreme Court's holdings in *Exxon Mobil*, to writ:

> "When the well-pleaded complaint contain at least one claim that satisfies the amount in controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim." 545 U.S. at 559, 125 S.Ct. at 2620.

and

> "We hold that, where the other elements of jurisdiction are present and at least are named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction."
> 545 U.S. at 549, 125 S. Ct. at 2615.

7. As for the claim of Demara Craft, she occupied the front passenger seat of the GMC pick-up truck depicted in the photo marked "Exhibit 2".

8. On July 18, 2016, the undersigned counsel spoke to Mr. Frank Bruno, counsel for Demara Craft, about her injuries and prospects as far as she and her counsel were concerned, and Mr. Bruno advised that Ms. Demara Craft had a diagnosed herniated disc in her neck due to the accident of July 2, 2015 and likely would require surgery. *See* affidavit of Darrell Cherry, Exhibit 3.

9. On July 18, 2016, defense counsel requested Demara Craft's post-accident medical records from her counsel, and on July 22, 2016, provided a written reminder, as requested by the plaintiff's counsel on July 18, 2016 on the phone. The medical records requested were not

3

provided within the 30 day window, calculated from the first service date, and removing counsel reasonably relies on the honesty and forthrightness of Mr. Bruno in advising what the medical records show, which clearly places in controversy an amount in excess of $75,000 exclusive of interest and costs. *See* Exhibit 3.

10. Demara Craft expressly includes in her damages claimed in the complaint, over a year of past pain and suffering due to her neck injury, plus loss of earnings and earning capacity caused by the neck injury (complaint, Exhibit 1 at paragraph VI(a)); past and future medical expenses (which would include future surgery expenses), past and future physical pain and suffering, past and future and future mental pain and anguish and loss of consortium. *See* Complaint, Exhibit 1 at ¶VI. Such claims, in the context of a herniated cervical disc claim with potential surgery places in controversy a claim in excess of $75,000, exclusive of interest and costs.

11. This diversity case, involving a collision in New Orleans, is governed by Louisiana substantive law, which allows recovery, upon proof accepted as credible by the fact-finder, of future surgery and related expenses if found likely to be incurred, as well as for mental anguish, pain, suffering, and any disability proved. While a defendant does not stipulate to recovery of damages for pointing out that plaintiff Demara Craft's *claimed* injury and prospective surgery puts *in controversy* if proved, more than $75,000 exclusive of interest and costs, it bears noting that awards in excess of $100,000 have been approved in situations where successful a single-level neck discectomy and fusion was performed, not including additional amounts for loss of earnings, and even where an operation had not taken place. *See, e.g. Lastrapes v. Progressive Security Insurance Company*, 51 So.3d 659 (La. 2010) ($125,000 past pain and suffering and $88,000 for past medical expenses for unoperated disc); *Fox v. Texaco, Inc.*, 722 So 2d 1064

4

(La.App. 1st Cir. 1998) ($85,000 for future probable cervical surgery of person not disabled by the neck condition); *Britt v. City of Shreveport*, 55 So.3d 76 (La. App. 2d Cir. 2010 ($185,000 for unoperated cervical disc, even with finding of failure to mitigate); *Davis v. Foremost Dairies, Inc.*, 58 So.3d 977 (La. App. 2d Cir. 2011) ($400,000 for unoperated cervical disc bulging potending serious future problems); *Lock v. Young*, 973 So.2d 931 (La. App. 2d Cir. 2007) ($75,000 for bulging discs); *People's v. Fred's Stores of Tenn.*, 38 So.3d 1209 (La. App. 3rd Cir. 2010) ($85,000) bulging disc in neck); *Deroche v. Latour*, 71 So.3d 959 (La.App. 4th Cir. 2011) ($265,000 for exacerbating pre-existing cervical disc); *Short v. Terminix Pest Control, Inc.*, 104 So.3d 119 (La. App. 1st Cir. 2012) ($200,000 general damages); *Ross v. Noble*, 442 So.2d 1180 (La. App. 1st Cir. 1983) ($75,000 general damages for a non-surgical ruptured disc); *Creppel v. American Tugs, Inc.* 668 So.2d 374 (La. App. 5th Cir. 1996) ($500,000) general damages for spine injury.

12.     Louisiana law does *not* allow the pleading of specific amount of damages sought for each plaintiff, or collectively, nor for each element of damages described in the petition. La. Code of Civil Procedure Article 893. Accordingly, there is no monetary quantification in the complaint of each of the seven elements of Demara Craft's pleaded damages. The categories of those damages, especially with her counsel's specification of a diagnosed disc herniation and potential surgery, clearly places in controversy over $75,000 exclusive of interest and costs. According to Mr. Bruno, Demara Craft's doctors have now diagnosed a herniated cervical disc and she faces the prospect of neck surgery. The pleading of a general reference of $50,000 in damages for *each* plaintiff's claims seen in paragraph II of the state court complaint in no way limits or excludes the jurisdiction of This Court, which is based on the case facts, not conclusions of a

5

party, *even assuming this paragraph was properly pleaded*. The state court rules allow liberal amendments[1], and the courts in Louisiana allow the recovery of all damages supported by the evidence adduced at trial, *even if greater than the amount pleaded. See, e.g., Addison v. Illinois Central Ry Co.*, 967 F. Supp. 173 (E.D.LA. 1997); *Sanders v. Old Qurter Touro, Inc.*, 499 So. 2d 1346 (La. App. 4th Cir. 1986). Accordingly, given Demara Craft's suggestion on July 18, 2016 that the accident produced a herniated neck disc that may require surgery, the initial complaint's general reference to $50,000 for each claim (for jury trial purposes) in no way precludes more than $75,000 actually being "in controversy" for Demara Craft's claim at the time of this removal, as understood by 28 U.S.C. § 1332. Removing defendants demonstrate, herein that more likely than not, over $75,000 is *in controversy* as to Demara Craft's claims, as of the date this removal was filed.

13. Here, the facts as they have been developed as of the date this removal notice was filed, including representations made by Demara Craft's own counsel, taken in good faith, and based on the accident facts and categories of damages pleaded, support the existence of a controversy or claim by Demara Craft that places more than $75,000 in genuine controversy, exclusive of interest and costs. *See* affidavit, Exhibit 3.

14. As for the citizenship of the parties, Cimarron Underground, Inc., a Kansas corporation, *until April 10, 2012*, was named "A&L Underground, Inc., as is reflected in the registration of foreign corporation with the Louisiana Secretary of State – *See* Exhibit 4. A&L Underground, Inc., now Cimarron Underground, Inc. is a corporation organized under the laws of the state of

---

[1] La. Code Civil Pro. Art. 1151; *E.g. Raspanti v. Litchfield*, 89 So. 3d 1262 (La. App. 4th Cir. 2012)

6

Kansas and has its principal place of business – its headquarters – at 8375 Melrose Drive, Lenexa, Kansas 66214. *See* Exhibits 5 and 6.

15. As for the remaining corporate defendant, Starr Indemnity and Liability Company [erroneously pleaded as Starr Indemnity and Liability *Insurance* Company], 28 USC § 1332 (c)(1) deems Starr Liability and Indemnity Company, in this direct action, to be a citizen of (a) the insured's state of citizenship; (b) the place the insurer is incorporated, any (c) the state where the insurer has its principal place of business. Complete diversity exists between plaintiffs and the insurer here under all three designations of 28 U.S.C. § 332(c)(1), as none of the deemed citizen states for Starr Liability and Indemnity Company is Louisiana. Starr Liability and Indemnity Company is a corporation organized under the laws of the state of Texas, with its principal place of business at 399 Park Avenue, New York, N.Y. 10022. *See* Exhibit 7 from the Insurance Commissioner's office. Finally, the insured's citizenship is Florida (for Mr. Brown) and Kansas (for Cimarron Underground, Inc.).

16. As for the remaining defendant, Clarence Brown, he has been a long-term resident and citizen of Pensacola, Florida, where he maintains his residence, and where he is licensed to drive and vote. Plaintiffs correctly alleged that Mr. Brown is a Florida resident in paragraph I (A) of their complaint, Exhibit 1, and sought to have him served at his home at 8800 Pine Forest Street, Apt. 230, Pensacola, FL 32534. *See* Exhibit 1 at p.4.

17. Plaintiffs, in fact, have correctly pleaded that all the defendants are diverse from themselves, with all three plaintiffs being Louisiana residents, who permanently live in New Orleans.

18. Given the above, there is complete diversity between all plaintiffs and all defendants, and all claims in this matter falls within the diversity jurisdiction of This Honorable Court, as supplemented by 28 U.S.C. § 1367, and the matter is properly before This Court based on this Notice of Removal.

Respectfully submitted,

/s/ Darrell K. Cherry
DARRELL K. CHERRY (#04036)
dcherry@deutschkerrigan.com
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
*Attorneys for Cimarron Underground, Inc. (formerly A&L Underground, Inc., Starr Indemnity and Liability Insurance Company and Clarence Brown*

**CERTIFICATE OF SERVICE**

The above and foregoing pleading was served on all other counsel of record by ECF [mail and by] service, as all counsel to the case are subscribers.

/s/ Darrell K. Cherry
Darrell K. Cherry

8